ATTORNEY GENERAL (ON RELATION OF JOHN M. LONGYEAR) v. SOLOMON D. HOLLISTER.

SHERWOOD, J. This case is *quo warranto*, to inquire by virtue of what authority the respondent attempts to hold the office of county clerk of the county of Iron and assumes to discharge the duties thereof.

This case substantially raises the same legal questions involved in the case of the relator against the supervisors of said county and this same respondent, and decided adversely to the relator.

The case must therefore abide the same result. The demurrer must be overruled, and the proceedings dismissed, but without costs.

The other Justices concurred.

CAMPBELL, C. J. As I concur in all that my Brother SHERWOOD has said, I only desire to refer to some considerations arising out of what seems to be a misapprehension of counsel concerning former decisions of this Court.

In the case of *People v. Carleton*, 10 Mich. 250, where there was a disagreement as to the county officers, it arose out

of the fact that the statute itself did not provide for any means of filling them until about a year after its passage, and the judges differed as to whether in the interim there could be officers *de facto.*

The present case presents no such difficulty, as it is plain from the language of the act that officers are contemplated from the beginning, and provision is made for their selection.

Neither is the difficulty presented which arose in several Detroit cases, where purely city agencies, concerning none but corporate interests, were filled by State authority. By this act all the town officers are left to town election, and the board of supervisors is made up of the elected supervisors of the townships.

The other county officers, although elected by the people after the county is fully organized, are not, and never have been, considered representative agents of the people or of the county. Temporary vacancies in every one of them are filled by appointment and not by election. Section 663, How. Stat. Under the old laws of the State and territory all were once, and some were always, appointed by the Governor. They are public officers to act within the counties, but the board of supervisors is the only county agency that represents the county with any inherent authority. There is nothing inconsistent with our popular system in having these places filled by the Governor until a general election.

The commissions not taking effect until after the law went into operation, it is not important when they were actually filled up. I am very much inclined to the opinion that inasmuch as it would be competent to ratify any earlier action by special enactment, this statute, which by its terms refers to such action, may be fairly treated as having that effect upon both appointments and elections. The appointments, however, need none, and as the offices exist in fact, and there are incumbents, I can see no reason why the town officers of the new towns do not hold *de facto.*

Appointments by anticipation are not by any means without precedent. The district judge, and all the government officers of Michigan, were appointed and confirmed by the

senate before the State had consented to the terms of admission, and several months before its actual admission, and while, after being detached from Wisconsin, the very region in which Iron county lies was outside of our present State. I think there is no difficulty concerning towns or county.